**THE LAW OFFICE OF C.R. HYDE, PLC**
**ATTORNEY AT LAW**
**182 NORTH COURT**
**TUCSON, ARIZONA 85701**
**TELEPHONE: (520) 270-1110**
**FACSIMILE: (520) 792-0573**
**SBA # 22512**
**Proposed Attorney for Debtor**

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings under Chapter 11 |
| PHILBRICK D K RANCH, INC., | Case No. 4:15-bk-00806-BMW |
| Debtor. | **EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** |

COMES NOW Philbrick D K Ranch, Inc., ("Debtor"), as debtor and debtor-in-possession in the above-referenced Chapter 11 case, by and through its undersigned proposed counsel, Debtor respectfully moves this Court, on an emergency basis, pursuant to Sections 105(a) and 363 of the United States Bankruptcy Code to enter an Order (a) determining the extent to which any interested party has a security in the cash, cash accounts, inventory or receivables of the Debtor (b) authorizing Debtor to utilize certain cash held in depository accounts and from collection of receivables, if any, in accordance with the terms of an Interim Order which will be entered; (b) declaring the secured creditor as adequately protected pursuant to §§ 361, 362, 363 and 364 of the United States Bankruptcy Code; and (c) scheduling a final hearing pursuant to Bankruptcy Rules 2002, 4001, 9014 and Local Rules 4001-3 and 4001-4.

**PROCEDURAL BACKGROUND**

On January 27, 2015 Debtor filed a voluntary petition for bankruptcy relief under subchapter 11 of Title 11 to the United States Code. Debtor operates a business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

## JURISDICTION

This Court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicates applicable to this Motion are 11 U.S.C. §§ 105(a), 361, 362 and 364.

## BACKGROUND OF THE DEBTOR

Philbrick D K Ranch, Inc., ("Debtor") is a Montana Corporation which owns the real property at 64 N. Harrison Road, Tucson, AZ 85748 (the "Property"). Newell G. Philbrick is the President of the Debtor. Rochelle Wahlert has power of attorney for Newell G. Philbrick.

The Property is a retail space, with a variety of commercial tenants occupying and operating on the premises. The Property is encumbered by a first position lien held by La Familia Financial Limited Partnership ("La Familia"), an Arizona Limited Partnership in the approximate amount of $1,120,000.00. The Property is also encumbered by a second position lien held by Dave Grabbert Ranch, Inc., a Wyoming corporation ("Grabbert Ranch"). The Debtor is currently investigating whether or not both liens were duly perfected.

## BASIS FOR EMERGENCY REQUEST

The Debtor must continue to service the repair and maintenance of the Property, the payment of utilities at the Property, and the payment of other taxes and other expenses outlined in detail in the Proposed Budget attached hereto as "Exhibit A." The timely fulfillment of these obligations is necessary for the Debtor to prepare for and moved towards an orderly reorganization of its financial affairs. The Debtor ultimately aims to sell the Property and pay its creditors through a liquidating Plan of Reorganization.

The Proposed Budget has been established based on the Debtor's operations in the months leading up to the filing of its bankruptcy petition. In order to continue in business, the Debtor requests that the Court set a hearing on an emergency basis to authorize the Debtor's use of cash collateral consistent with its forecasted obligations under the Proposed Budget.

Due to the nature of this Motion, Debtor respectfully requests this Court set an expedited

1 hearing to consider this Motion. A motion for an expedited hearing on this matter has been filed
2 contemporaneously. Timely payment of the expenses included in the budget is essential for
3 Debtor to continue in business.
4 Upon information and belief, Debtor alleges that La Familia Financial Limited
5 Partnership may have a lien on the Property and an Assignment of Rents.
6 Debtor has provided notice of the filing of this Motion to all parties in interest, including
7 the United States Trustee, secured creditors and unsecured creditors and, their anticipated
8 counsel, where prudent and applicable.
9 The Debtor is not aware of any competing security interests or other security interest in
10 the Property other than those of La Familia and Grabbert Ranch.

**ADEQUATE PROTECTION OF THE SECURED CREDITOR**

In order to continue proper operation of its business, and to enable the Debtor to put forth a viable plan of reorganization, it is necessary that the Debtor be authorized to utilize the proceeds generated from its business, in a manner consistent with the business's month-to-month operating budget. The Debtor seeks to utilize the proceeds for one hundred and fifty (150) days to operate its business. Debtor is prepared to offer adequate protection for the use of rents derived from the Property by agreeing to, as of the date of filing the voluntary petition, 1) segregate all other proceeds from rent or any other assets claimed by secured creditor that is truly "cash collateral"; 2) provide limitations on all normal and necessary operating expenses associated with operating and managing the business including providing proper management, and insurance of assets belonging to the Debtor; 3) maintain adequate insurance on its personal property; 4) segregate post-petition taxes and 5) furnish secured creditor with copies of all monthly operating reports and bank account statements maintained or received by the Debtor in the ordinary course of business operations, on a monthly basis. Debtor asserts that the above proposal adequately protects the interests that may be claimed by the secured creditor in the funds generated by the business.

**CONCLUSION**

Through the foregoing Motion, Debtors seeks an order determining the extent of any

interested parties' line on cash collateral, and if so, authorizing the use of cash collateral to pay normal operating expenses including, but not limited to, rent, insurance, sales taxes, purchase of goods, maintenance costs, utilities and other expenses required to continue the operation of the Debtor entity.

WHEREFORE, the Debtor respectfully requests this Court: (1) schedule an expedited hearing on the Emergency Motion; (2) determine the extent and nature of any creditors' interest in the cash, inventory and receivables of the Debtor; (3) if necessary, enter an order authorizing the use of cash collateral to pay the expenses required to continue operation of the Debtor's business as provided for in Debtor's monthly budget; and (4) enter an order for such other relief as the Court deems just and proper, including the establishment of adequate protection of any secured creditor who may make its appearance and demand the same prior to the hearing in this matter.

DATED: January 28, 2015

By Debtor's proposed attorney,

/s/ C.R. Hyde
C.R. Hyde

**CERTIFICATE OF SERVICE**

COPIES of the foregoing mailed/faxed/delivered
January 28, 2013 to:

UNITED STATES TRUSTEE
230 N. First Ave. #204
Phoenix, Arizona 85003

All creditors on the master mailing list

/s/ C.R. Hyde
C.R. Hyde, Attorney at Law